# United States Court of Appeals for the Fifth Circuit

―――――――

No. 22-30761

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2024

Lyle W. Cayce
Clerk

Henning Management, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Chevron USA, Incorporated,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:20-CV-4

―――――――――――――――――――――――

Before Richman, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Henning Management, LLC sued Chevron USA, Inc. for alleged environmental damage to Henning's property. In response, Chevron filed a "limited admission" stating that it would evaluate potential damage to Henning's property. The district court interpreted the limited admission as a concession that Chevron contaminated Henning's property and ordered Chevron to participate in a hearing on that basis. Chevron appealed the order

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

arguing that it had the effect of an injunction and that it was contrary to state law. Henning counters that not only was the district court correct about Chevron's limited admission, but this court does not even have jurisdiction over this interlocutory appeal.

Henning Management owns properties in Calcasieu and Jefferson Davis Parishes in Louisiana. Henning claims that its properties have been contaminated or otherwise damaged by various companies' oil and gas exploration and production activities. It sued six companies—including Chevron USA, Inc.—in Louisiana state court for damages to remediate the contamination. Chevron then removed to federal court and is the only defendant left in the suit.

Act 312 governs lawsuits brought by landowners alleging contamination of their land by oil and gas operations. Both parties agree that Act 312 governs Henning's environmental damage claims. Act 312 sets out a protocol for the development and adoption of a "most feasible plan" for evaluation and remediation of environmental damage. LA. REV. STAT. § 30:29(C). Under the statute, liability may be determined by the factfinder, or a party may enter a "limited admission" for "environmental damage." Chevron filed a limited admission.

Chevron submitted its proposed plan to the Louisiana Department of Natural Resources. The plan asserted that "no active remediation of soil or groundwater is required" on the property and proposed an evaluation to confirm that conclusion.

A few months later, Henning filed a motion for partial summary judgment. Henning argued that Chevron's plan "to do nothing" was at odds with Chevron's limited admission, contrary to Act 312, and in violation of a district court order. Henning argued that by admitting environmental damage, Chevron necessarily admitted to "contamination" requiring remediation

and that Chevron was therefore required to submit a plan providing such remediation. In response, Chevron argued that Henning's interpretation of Act 312 was erroneous and contradictory to the plain text of the statute, which allows a party to admit "potential" impacts and a plan that provides for "evaluation or remediation." Chevron asserted that its evaluation-only plan is consistent with its limited admission.

The district court agreed that Chevron admitted to "contamination" by having admitted to "environmental damage," and so any plan it proposed needed to provide for remediation, rather than just evaluation. The district court order said:

> [The Department] shall hold a public hearing on the parties' plan . . . as scheduled. After the public hearing, [the Department] shall approve or structure a Feasible Plan incorporating the Court's finding that, as a result of Chevron's Limited Admission, Henning's property contains 'contamination' and is not suitable for its intended use. Ultimately, based on the Court's finding of 'contamination,' the public hearing, and the parties' submitted plans, [the Department] shall, within the timeframe permitted under Act 312, submit to the Court a 'Feasible Plan' to 'remediate contamination resulting from oilfield or exploration and production operations or waste.'

Chevron filed this appeal, arguing that the order effectively enjoins the company by requiring it to participate in a hearing with a predetermined outcome.

Generally, this court only has jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1292(a)(1). But 28 U.S.C. § 1292(a)(1) contains an exception to the final judgment rule which provides this court with jurisdiction over orders that have a direct impact on the merits of a controversy or pass on the legal sufficiency of a complaint. *Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir. 1985). The Supreme Court

"construe[s] the section to include not only orders technically granting or denying injunctions, but also those that have the practical effect of doing so." *Id.* (discussing *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981)). Additionally, this court has jurisdiction provided that the district court's order "might have serious, perhaps irreparable consequences, and that the order can be effectively challenged only by immediate appeal." *Shanks*, 752 F.2d at 1095 (quotations omitted).

We conclude that we do have jurisdiction over this appeal because the district court's order compels Chevron to participate in a hearing in front of a state agency despite the absence of a judicial finding that it contaminated Henning's property. Ultimately, this presupposes Chevron's liability for contamination even though that has yet to be determined. Further, the district court's order forces Chevron to begin remediation on Henning's property prior to the conclusion of the legal proceedings, which constitutes a challenge suitable for immediate appeal.

We move to the issue of whether the district court misinterpreted Act 312 when it concluded that Chevron's limited admission was a concession that Chevron contaminated Henning's property, therefore requiring Chevron to include a plan to remediate, not just evaluate, Henning's property.

"Issues of statutory interpretation are reviewed *de novo*." *In re Lopez*, 897 F.3d 663, 668 (5th Cir. 2018). "The starting point in the interpretation of any statute is the language of the statute itself." *Carollo v. Dept. of Transportation & Development*, 346 So. 3d 751, 759 (La. 2022). "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. Civ. Code Ann. art. 9.

No. 22-30761

Act 312 seeks "to ensure that damage to the environment is remediated to a standard that protects the public interest." LA. REV. STAT. § 30:29(A). Act 312 includes a provision for a "limited admission":

> If any party admits liability for environmental damage pursuant to R.S. 30:29, that party may elect to limit this admission of liability for environmental damage to responsibility for implementing the most feasible plan to evaluate, and if necessary, remediate all or a portion of the contamination that is the subject of the litigation to applicable regulatory standards, hereinafter referred to as a "limited admission". A limited admission shall not be construed as an admission of liability for damages under R.S. 30:29(H), nor shall a limited admission result in a waiver of any rights or defenses of the admitting party.

LA. CODE CIV. PROC. art. 1563(A)(1).

The district court concluded that Chevron's limited admission proved that it needed to remediate the damage to Henning's property. But recent Louisiana court decisions have clarified that Act 312 does allow a party to make a plan that includes evaluation without remediation. *See Hero Lands Co., L.L.C. v. Chevron U.S.A. Inc.*, 381 So. 3d 737, 755–56 (La. App. 4 Cir. 2023). Further, the district court found that Chevron could not admit to "environmental damage" without also admitting to "contamination." But Act 312 defines "environmental damage" as "actual or potential" impact. LA. REV. STAT. § 30:29(I)(2). Contrary to the district court's conclusion, this means Chevron can agree to evaluate potential damage without admitting to actual damage or "contamination." Act 312 allows a party to evaluate a property to determine whether remediation is even necessary. *See Louisiana Wetlands, LLC v. Energen Resources Corporation*, 380 So. 3d 38, 44 (La. App. 1 Cir. 2023) ("Without the results of the evaluation, the necessity, extent, and components of additional remediation cannot be known.").

5

No. 22-30761

Therefore, we hold that Chevron's plan to evaluate potential damage, without a plan to remediate contamination, complies with the requirements of Act 312.

Accordingly, we reverse.